**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ROMAN, <br><br> Plaintiff, <br><br> v. <br><br> THE BEST SERVICE COMPANY, <br><br> Defendant. | Case No. 5:19-cv-01971 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, PATRICIA ROMAN, through counsel, WAJDA LAW GROUP, APC, complaining of Defendant, THE BEST SERVICE COMPANY, as follows:

**NATURE OF THE ACTION**

1.  This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.  PATRICIA ROMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Barstow, California.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. THE BEST SERVICE COMPANY ("TBSC") is a collection agency with its principal place of business located in Culver City, California.

7. TBSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of TBSC's business is the collection of debt.

8. TBSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

9. In July 2008, Plaintiff obtained a line of credit from Frontwave Credit Union f/k/a Pacific Marine Credit Union.

10. Plaintiff defaulted on the line of credit.

11. Plaintiff's account (the "Account") in the amount of $14,991.18 was charged off.

12. Plaintiff's unpaid Account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

13. On February 7, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

14. Simultaneously, Plaintiff filed Schedules. On Schedule F: Creditors Who Have Unsecured Claims, Plaintiff listed Frontwave Credit Union f/k/a Pacific Marine Credit Union.

15. On May 20, 2019, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 727.

16. Plaintiff's discharge by operation released Plaintiff's personal liability on indebtedness owed to Frontwave Credit Union f/k/a Pacific Marine Credit Union.

17. Plaintiff's Account was referred to TBSC to collect on the Account for the benefit of Frontwave Credit Union f/k/a Pacific Marine Credit Union.

18. On September 16, 2019, TBSC sent Plaintiff an initial written communication (the "Letter") stating, in part:

| | |
|---|---|
| Client: | FRONTWAVE CREDIT UNION FKA PACIFIC MARINE |
| Act. Type | 2004997-141 |
| Client Act. #: | 60279388-147 |
| Total Balance: | $15,184.22 |
| Assigned Bal: | $14,991.18 |
| Annual int. rate: | 10.00% |

Dear Patricia Roman

Your account has been assigned to our agency. The entire amount is due, owing, and unpaid….

19. This Letter included a payment coupon with payment instructions, indicating that Plaintiff's Account balance is $15,184.22.

20. This Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveyed information regarding Plaintiff's Account directly to Plaintiff.

21. TBSC's post-discharge collection efforts caused Plaintiff anxiety and mental anguish as Plaintiff believed he remains obligated to TBSC in spite of Plaintiff's discharge.

22. Concerned with violation(s) of protections afforded by bankruptcy laws, Plaintiff sought counsel to ensure that TBSC's post-discharge collection efforts ceased.

23. Accordingly, Plaintiff expended energy and time consulting with attorneys to file this action.

## CLAIMS FOR RELIEF

### Count I:
### TBSC's violation(s) of 15 U.S.C. § 1692 *et seq.*

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

3

**15 U.S.C. § 1692e**

25. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

26. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

27. TBSC's Letter is objectively false and misleading in that it misrepresented the legal status of Plaintiff's debt by, *inter alia*, falsely representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2)(A), and e(10).

**15 U.S.C. § 1692f**

28. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

29. TBSC's Letter seeking to collect Plaintiff's debt, while that debt was subject to the bankruptcy discharge injunction, is unfair or unconscionable and, as a result, violates 15 U.S.C. § 1692f(1).

30. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that TBSC violated 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1);

B. award any actual damage sustained by Plaintiff as a result of TBSC's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 15, 2019

Respectfully submitted,

**PATRICIA ROMAN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com